Okay, Mr. Ramey, I think you're ready to go. Thank you, Your Honor. If it pleases the Court, may I begin? Bill Ramey for the appellant, Traxcell Technologies, LLC. Today we're here to ask the Court to reverse a Section 285 award in two cases, the Sprint case and the Verizon case. We'll refer to this. We allege that the District Court abused its discretion by making a clear error in judgment and basing its decision on the relevant law. And the relevant law we're talking about is the effect of a magistrate's order and a magistrate's report and recommendation. What difference does it make whether the order was final or not? It's the strength of your argument. I mean, you could base an exceptionality finding on the fact that you filed a frivolous complaint before anybody even made any determinations what claim scope was and things like that, right? No, Your Honor. Your Honor, I think that guts a 28 U.S.C. 636. Are you saying that if somebody files a frivolous complaint that in the court that you have to wait until you get some judicial final ruling on whether there's merit or not before it's adjudged to be exceptional? No, Your Honor. I think this... It's the strength of your position, right? Yes, Your Honor. I think this Court... Sorry. So if the strength of your position is frivolous from the outset, what matters if the magistrate's the one that said it's frivolous, the district court's the one that said it's frivolous, or we're the ones that said it's frivolous? I refer back to 28 U.S.C. 636 B.1 and Fifth Circuit Law, which we would look back to on this issue, that a magistrate ruling takes no right away from the parties until... That doesn't answer my question. That's just your point, that the magistrate ruling isn't relevant here. It's the strength of the position. We don't need a final judgment by the district court. I would agree that the totality of the circumstances play into a Section 285 result, and all that we were looking to do was to get a ruling from the district court on those claim construction issues. I refer back to... Claim construction issues? I thought that was gone. I thought you had exceeded your time frame to file objections on claim construction. Am I missing something? Am I confused? I thought we were dealing with infringement now, but that the claim construction was a fear. Yes, Your Honor, that's a good point. I'm glad you brought it up. So when we're talking about claim construction objections, it's right, our claim construction objections were filed outside of the 14 days to make those objections. And so when we did file them late, we had filed other orders that had been ordered by the district court or by the magistrate judge, and we had timely objected. In consideration, we went ahead and lodged objections to the claim construction. Do you at least agree that the exceptional finding is based on more than just the magistrate judge's order? There's other things identified as well to support that sort of finding, correct? We think every exceptionality finding was based on what Judge Schrader said or Judge Payne's other orders and opinions constantly re-urging positions. We were trying to get a ruling on what was essentially going back to what Judge Payne said for his exceptionality. I don't think I got a yes or no answer to my question. Do you agree that there's more than just the magistrate order to support the finding under 285? I do not. I think that it's all based on the magistrate's orders, a variety of orders, and that's why it's one of our issues at the start of the case. We pointed out, is it an abuse of discretion? Is it improper for an applicant to rely on multiple objections to magistrate orders? 28 U.S.C. 636b1a and b are very clear. Each one, if you file objections, and there were, there's no dispute, we had objections to every order except for the Markman order. The Markman order, we assumed that based on... I'm very confused. Are you saying... What do you tell me about orders as opposed to the magistrate judge's findings? I don't understand. What did the district... What are you complaining that the district court relied on here, precisely? The district court relied on, in the final order that issued, he relied on the May 15, 2019, issue of ruling on the report and recommendation from Judge Payne. That was... And then there were timely objections to that report and recommendation. That was what... So are you saying that everything in Judge Payne's report could not be relied on for this purpose because it was in a report that wasn't finalized at the time? I'm not clear. No, Your Honor. In fact, Judge Payne came out, and what he said was that he based his exceptionality finding on... He said that it's reasonable that Apple could have assumed that until I denied their request to serve supplemental infringement contentions alleging infringement under the doctrinal equivalence, it's reasonable for them to have assumed that they might still have a claim. And when he issued that ruling on July 22, 2019, that's when he said the case become unreason... That's when Tractell's case became... Had no merit, become unreasonable. Why didn't you agree to a stay? I thought, like, at one point, there was, like, a stay put on the table and maybe a proposed stipulation put on the table because it sounds like you were very keyed in on waiting for a final... I guess a final order by the district court. Why didn't you agree to just, like, stay some of these things or have some type of stipulation that I thought was proposed? Why did that never come to fruition? That's a good point, Your Honor. So I'd like to... If I could get into that briefly. We, in fact... You'll see from our... From appellant's conduct, we agreed to a stay in the T-Mobile case. We were readily advancing a stay with all the defendants. The only one that would agree was T-Mobile. The Verizon Sprint case wouldn't agree to a stay. And so being in the Eastern District of Texas with a not agreed stay, we didn't think it was worth going forward. When it comes to the stipulation, this is in June of 2019, June 13th through 15th are the emails in the documents there, which would be at appendix... 1255 through 1256. When we're talking about the stipulation, we advanced the fact that we would gladly stay the case. And they said, if and when we get a ruling from the district court on the Nokia case, we agree to dismiss your case. And we said, we would definitely reconsider our position. Everyone was waiting for that final ruling from the court. You notice June of 2019 is after we had the report and recommendation from Judge Payne. We were all waiting for Judge Schrader's final decision on the objections. I was released, the appellant was relying on 28 U.S.C. 636 1BB, I guess, that we needed a final ruling from the district court. Now, if I could, basically just go through a few pieces of things. The U.S. Supreme Court has said that a magistrate judge has no authority, absent consent, to take away any rights or make a binding disposition. And then the Fifth Circuit follows that up in U.S. v. Cooper, 135, Feb. 3, 1960. The report and recommendation of a magistrate judge takes away no rights of a party. I guess I'm still unclear, and this goes back to Judge Hughes' question at the outset. Who's saying that we're not going to affirm or reject what the district court did here on exceptionality based on the finality of the magistrate judge? We're going to look at the record of what the parties did and what they didn't do with respect to this case. Yes, Your Honor. Now, some of that may have been some of that information that the history of this case may have been articulated by the magistrate judge. It may be in his report, but that doesn't mean that all of this stuff is off limits because it was in his report. Are you saying because you had a right to seek review in the magistrate judge's ruling and recommendation that exercising that right can never be a judge to be frivolous or exceptional? No, Your Honor. I don't think that's the case at all. I think, in fact, what we tried to show in our briefing was... Well, wait a minute because that seems to be the thrust of your argument when you're talking about the finality. If you agree that even though you have a legal right to seek review of a magistrate's ruling, it can still be under exceptional conduct to do so, that's the basis for this case, isn't it? The district court found and the magistrate found this was exceptional because you continued to push this after it was clear you weren't going to win. Your Honor, what we tried to do was we were waiting to get the final ruling. I think that this court... No, no, no, but that's exactly it. That's what I said. Just said is can it be exceptional even if you have a right to get a final ruling and you agreed it could and the district court... I understand you think that it wasn't exceptional for you to get a final ruling. The district court disagreed That's not legal error, is it? It is when you're... That's an abuse of discretion standard on the facts. Pardon me, I did not mean to tell you that, Your Honor. We think it is legal error because of 28 U.S.C. 636. I do not understand your responses to my two questions. You agreed that despite the fact that it wasn't final and that you were allowed to seek review, that very act of seeking review, which was your legal right, can still form the basis for an exceptional conduct finding. So I refer to this court's decision and the... Can you just answer that question again? Do you agree with that? Under certain facts, yes, Your Honor, I think under certain facts, if, for instance, the party took no position, took no position, no change position based on that magistrate judge's opinion. Where here, we did, if you go to the appellate record for the Sprint case in Appendix 1290 through 1296, those are the positions that we changed completely. But now you're just arguing whether the facts of this case were in an exceptional conduct finding and the district court found they do and we have an abusive discretion review on that. We're not going to redo those for you. And we're not asking you to redo them. In fact, that was very clear in the briefing, in the reply brief that we're not asking you. What are you asking us to hold? I'm asking you to hold that it was an abusive discretion based on the circumstances of this case. Well, that's facts. What legal ruling would you say it was an abusive discretion as a matter of law for the district court to ask? Okay, so there's two. The district court based its exceptionality finding on the report and recommendation of Judge Fahy. It's clear in the order that he says that. Well, he disagreed that he could do that. I said in certain circumstances that it could be the case that a court could find that like this court found in the Looming case when the party agreed that infringement was not tenable. In this case, we contest that infringement wasn't tenable. That's why we filed the objections. That's why we did the objections to the report. Before your time runs out, can I take you back to the discussion we were having a few minutes ago about the stay. I thought I understood you to be suggesting that you wanted to stay but the other side was refusing so there's no way you could get a stay. I didn't see that in the briefing. I thought the briefing position, page 21 of your brief, footnote 70,    for a stay. Did you, is that, did I misunderstand what you were saying? I think that's a good question. I think that's a good question. I think that's 100% what the brief said. There's nothing in the record about us having requested a stay. It's the point that we were making in the briefing was addressing Pally's point that Traxell could have moved for a stay. In the Court of Equity, either side could have moved for a stay. It was in discussion between the parties. It just wasn't ever moved on because no agreement was reached and there's nothing in the record on that. Okay, so it wasn't the reason you didn't get a stay. It wasn't that you wanted a stay and the other side was objecting so there was no way you could get a stay. You never asked for, you could have asked for a stay, you never did. We never asked the Court for a stay. We did discuss a stay between the parties and we never reached agreement on going forward to the point like we did the T-Mobile case because we did stay there. But you could have asked for a stay, right? Did anything preclude you from asking for a stay? No, nothing precluded us from asking for a stay, Your Honor. And I have reserved three minutes, I thought it started at 15, so if I could... Good morning, Your Honors, and may it please the Court. My name is Brian Schmalzbach and I'll be speaking for both Sprint and Verizon today. Before getting into the factual findings by these experienced patent judges that had five years of experience with this case, I do want to address the stay point briefly. My friend on the other side said that Sprint and Verizon wouldn't agree to a stay and that's incorrect. Verizon did clearly request a stay after the Nokia report and recommendation came out. My friend raised this in the reply brief and so this isn't in the appendix, but at docket 476-2, Exhibit 26, which is an exhibit to Verizon's fee motion, there's correspondence clearly laying out Verizon's request for a stay for these reasons. Was the request made to the District Court or just a request among the parties? Was it just a discussion among the parties? This one was a discussion among the parties. As Your Honor and I both recognize, Traxel never requested the District Court for a stay and we certainly would have agreed to that and that's why the parties requested it. But turning to the factual findings that underlie the exceptional finding in this case, there were three. One, that Traxel litigated an objectively baseless case. Two, that Traxel litigated this case in an unjustifiable manner. And three, that Traxel ignored the red flags along the way. There's no error in those findings, let alone the clear error that needed to reverse. Nor is there any error or clear error in the District Court's determination that those findings made this case exceptional under Section 285. I'd like to highlight just a few points that make this case stand out. First, is the objective baselessness of Traxel's infringement theories. What makes this case unusual is that Traxel doesn't dispute the reasonableness of its theories. They admit that on page one of the reply brief. And under Octane Fitness, as you pointed out, Judge Hughes, that objective baselessness alone can suffice to make a case exceptional. But what makes this a particularly easy 285 case is that Traxel was on such clear notice of the objective baselessness. And that notice did come from that parallel Nokia case with the same magistrate judge addressing the same patents and what the District Court called a materially equivalent infringement theory recommended summary judgment. To any reasonable plaintiff, that should have been a big red flag. There were also letters that were sent, also, right, by both Verizon and Sprint to the interview. That's right, Judge Cunningham. Both Sprint and Verizon sent those letters explaining why that Nokia recommendation mapped onto this case directly. And that was a factual finding that the District Court made, that these are materially equivalent theories and it should have given them very clear notice that this case would fail for the same reason. My friend on the other side also said that Traxel modified its infringement theories in response to that Nokia recommendation. But again, the District Court found otherwise. The District Court found that there was no explanation actually linking the accused elements to those limitations as construed in this case, to which Traxel filed no timely objection. And as this court held when this case was up on appeal before, all that Traxel offered to link those accused elements was alphabet soup and an army of citation footnotes crouching in a field of jargon. So between this court's previous opinion and certainly with the District Court's factual findings, the finding that this case is exceptional is very well supported. What about the District Court's suggestion or statement at page appendix 36 where he says Traxel should have known its patent infringement theories weren't supported when the court issued a reporting recommendation on summary judgment in Huawei? Can that not be read in a way that would kind of raise one's eyebrows? I mean, if it were just not the content of the magistrate's reporting recommendations but just there was a decision by the magistrate judge against you, that in and of itself should have been created as an exceptional case thing. That would be problematic, would it not? I think it would be problematic if that sentence said Traxel's infringement theories were objectively baseless because of the Nokia theory. But that's not what it says. It's about notice. Traxel knew or should have known at that point. So even though objective baselessness alone can suffice to make it exceptional, here the judge is saying that not only do you have that objective baselessness but you have it clear as day in front of your face that you should have known it was objectively baseless. And at that point you shouldn't have continued to run up the cost of litigation. You should have agreed to a say or proposed one yourself. I would like to address what I understood from the briefs to be Traxel's legal argument that the District Court was forbidden to even consider a report and recommendation as part of the 285 totality of the circumstances analysis. I'm not aware that any court has ever said that and there's a good reason why a court wouldn't say that. There's no final order from a district judge needed because there's no order needed from any judge period as this court held in the Blackbird Tech case. There's no duty for a court to advise a litigant of the weakness of its litigating position. Rather every litigant has its own position and the District Court gave Traxel more chances to litigate this case in a responsible manner. Now the opposing counsel argued that new theories were pursued and I think you said that that's not the case. Can you just give me a little more  that? The District Court found that it never supported those alternative theories. So Traxel said we'll try to meet the single computer limitation with these various items that are in a laundry list in their brief but what the District Court found and what this Court said in the first opinion was that those aren't connected, there's no connection between those accused elements and all of the requirements for each claim and each claim limitation. So it's not enough to say we'll try to revise our case and make it more objective. The District Court gave Traxel another chance to litigate the case responsibly which it didn't do because Traxel kept filing motions that sought to re-litigate issues that had already been resolved against it. The District Court filed another motion on multiple grounds and Traxel's motion didn't address that fundamental alternative independent ground. So that was just another example. This case was exceptional but based on a limited amount of time. Were you pursuing exceptionality in a broader space and did the District Court cabinet to a more limited space? Yes, Your Honor. We requested our fees when we sent those letters. The letters explained why the Nokia recommendation meant that this case should not proceed to run up the litigation costs. So that was the time period that the District Court reached? No, Your Honor. The District Court cabined the meritless motions practice after the Nokia recommendation came out. So the District Court was very tailored in what it awarded. It could have awarded more but it shows how careful it was in Section 285. If the Court has no further objections   636, the District Court has affirmed a fee award based on the magistrate's ruling except for the Luhman case. But there were fee award cases where there was no ruling at all and no finality to the ultimate merits, right? There are plenty of those around, right? Yes, Your Honor, but in this particular case, because we got a magistrate ruling, Title 28, Section 636B1 allows us to make objections and if you go off the Fifth Circuit precedent of Donaldson versus Hukai... So they could not have appealed if there were no magistrate ruling? Let's say it was just a district court doing it, no magistrate involved. In your opinion then, this is totally fine? No, Your Honor, then we agree 100 percent. If that May 15, 2019 ruling had been a district court ruling, bingo, right there, and that's when everything starts, we would have been on notice. But because Title 28, U.S.C. 636B1 does exist, we're allowed to file objections. The Fifth Circuit says so. If we don't like a magistrate ruling, we're allowed to file objections. If he thinks your case is bad, why isn't that a basis to say your case is bad? Just because you have the right to challenge that. Because we base our objections on Fifth Circuit precedent, Federal Circuit precedent, and what we believe to be a legal right to seek review doesn't insulate you from  exceptionality finding. I would disagree with you on this one aspect, Your Honor. We did, in fact, 100% address Judge Payne's concerns by trying to point out GPS coordinates that were attached to our theory of location determination. This Court already found that that wasn't sufficient, so that's why we put in the briefing that we're not asking the Court to review that again. So just to clarify on my question, so if Judge Payne is not involved with Justice Schrader, you're good with this exceptionality and you don't think that this Court is going to review this case and that this Court is going to review this case and that this Court is going to